IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor, | ) Civ. No.07-00362 ACK-KSC<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | )<br>)<br>) |
| Defendant. | ) |

_____

## ORDER REVERSING ADMINISTRATIVE DECISION

On March 27, 2007, D.C. and G.K., individually and as
guardians ad litem of S.K., an incompetent minor,[1] requested a
due process hearing pursuant to the Individuals with Disabilities
in Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.  Plaintiffs
sought, among other requests, reimbursement for S.K.'s private
school tuition at Loveland Academy's Lokahi Montessori School
("Lokahi") for the 2005-2006 and 2006-2007 school years.
Following an administrative hearing, Hearing Officer Rodney A.
Maile ruled that Plaintiffs' request for tuition reimbursement
was barred by Hawaii Revised Statutes ("HRS") § 302A-443, which

_____

[1] D.C. and G.K. may be referred to herein as "parents."
S.K. may be referred to herein as "student."  Collectively, D.C.,
G.K., and S.K. may be referred to herein as "Plaintiffs."

imposes a ninety-day statute of limitations for requests for
hearings where the request is for reimbursement of the costs of a
"unilateral special education placement."

　　　　This Court reverses Hearing Officer Maile's ruling and
holds that the prior administrative ruling by Hearing Officer
Richard A. Young constituted the State's agreement to the Lokahi
placement.  Therefore, S.K.'s placement was bilateral, rather
than unilateral, and Plaintiffs' tuition reimbursement request
was subject to the general two-year statute of limitations in HRS
§ 302A-443.  Given that S.K. was not offered an individualized
education program ("IEP") until January 17, 2007, and given that
Lokahi had already been deemed an appropriate placement by
Hearing Officer Young, the Court hereby orders the DOE to pay all
of S.K.'s tuition costs from the beginning of the 2005 school
year through the end of the 2007 extended school year.

## BACKGROUND

**A.　Legal Background**

　　　　The IDEA was enacted by Congress to, among other
things, "ensure that all children with disabilities have
available to them a free appropriate public education ["FAPE"]
that emphasizes special education and related services designed
to meet their unique needs . . . [and] to ensure that the rights
of children with disabilities and parents of such children are
protected."  20 U.S.C. § 1400(d)(1)(A) & (B).  The IDEA provides

federal money to state and local education agencies to assist them in educating disabled children, on the condition that the state and local agencies implement the substantive and procedural requirements of the IDEA.  See Robb v. Bethel Sch. Dist. #403, 308 F.3d 1047, 1049 (9th Cir. 2002).

Under the IDEA, state and local education agencies are required to identify children with disabilities and develop annual IEPs for every child.  20 U.S.C. § 1414.  An IEP is a comprehensive document developed by a team of parents, teachers, and other school administrators setting out the goals for the child, and the special education and related services that are necessary to reach those goals.  Id. § 1414(d).  The IDEA also provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program, including an opportunity for an impartial due process hearing for complaints, and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate.  Robb, 308 F.3d at 1049.

**B.   Factual Background**

S.K. is currently twelve years old.  On July 19, 2006, he was deemed eligible for special education and related services under the IDEA, under the category of "emotional disturbance." See July 19, 2006 Admin. Decision, at 5.  When S.K. was in the second grade at his home school, Aikahi Elementary School, his

parents attended an emergency IEP meeting.  Id. at 3.  At the
meeting, held on January 27, 2003, the parents informed the DOE
about the results of S.K.'s evaluations by a neurologist and a
psychologist.  Id.  The DOE refused the parents' request to move
S.K. to a different classroom.  Id.

On January 28, 2003, the parents informed the DOE by
letter that they were placing S.K. at Lokahi, a private school.
Id.  S.K. has been attending Lokahi since February of 2003.  Id.

On August 27, 2005, Plaintiffs brought a federal action
seeking review and reversal of an administrative decision that
declined to determine S.K.'s eligibility for services under the
IDEA ("July 29, 2005 Admin. Decision").  See First Am. Compl.,
Civ. No. 05-00562, at 3 (Sept. 23, 2006).[2]  This Court remanded
the July 29, 2005 Administrative Decision and instructed the
Hearing Officer to: (1) determine whether S.K. was eligible for
services under the IDEA; and (2) decide the parents' claim for
tuition reimbursement.  See D.C. v. Dep't of Educ., Civ. No. 05-
00562 ACK/BMK, Order Remanding Administrative Decision, at 13
(June 22, 2006) ("June 22, 2006 Order").

On July 19, 2006, Hearing Officer Young issued an

_____

[2] The Court notes that in 2003, a complaint filed in this
court by these same Plaintiffs alleging violation of the IDEA was
dismissed for failure to exhaust administrative remedies.  See
D.C. v. Hamamoto, Civ. No. 03-00153 HG/KSC, Order Granting
Defendants' Motion to Dismiss (July 14, 2003).  The dismissal was
affirmed on appeal.  See D.C. v. Hamamoto, No. 03-16352, 2004 WL
1043114 (9th Cir. May 7, 2004).

Amended Decision Subsequent to U.S. District Court's Order
Remanding Administrative Decision ("July 19, 2006 Admin.
Decision").  Hearing Officer Young ruled that S.K. was eligible
for special education and related services under the IDEA under
the category of "emotional disturbance."  See July 19, 2006
Admin. Decision at 7.  He further ordered the DOE to reimburse
the parents for the costs of S.K.'s placement and related
services at Lokahi from February 2003 through the 2004-2005
school year and extended school year.  Id.

Following the July 19, 2006 Administrative Decision, in
the fall of 2006, the parties held three meetings to develop
S.K.'s IEP.  See Administrative Record on Appeal ("ARA") at 58.
The meetings took place on September 19, 2006, October 10, 2006,
and November 14, 2006.  ARA at 58.

On December 6, 2006, the DOE informed the parents by
letter that the therapeutic classroom at Kahaluu Elementary
School was the most appropriate location to implement S.K.'s IEP.
ARA at 58.  On January 17, 2007, the parents received their first
copy of the proposed IEP when they visited Kahaluu.  ARA at 81.
On February 1, 2007, the parents formally rejected the DOE's
offer of FAPE by letter.  ARA at 92-94.

On March 27, 2007, Plaintiffs' counsel informed the DOE
by letter that the parents were requesting an impartial due
process hearing, rejecting the offer of FAPE, invoking the "stay-

put" provision of the IDEA, and seeking tuition reimbursement through 2006-2007 and the extended school year.  ARA at 8-11.

**C.   Administrative Proceedings Below**

As a result of the parents' request on March 27, 2007, Hearing Officer Maile conducted administrative proceedings in the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs of the State of Hawaii.

On May 21, 2007, Hearing Officer Maile held a hearing on the DOE's motion to dismiss for failure to comply with the ninety-day statute of limitations for a request for reimbursement, pursuant to HRS § 302A-443.  See Hearing Transcript "(Hr'g Tr."), May 21, 2007.  Hearing Officer Maile denied the motion to dismiss without prejudice, on the grounds that certain material facts needed to be established before the legal question could be considered.  Id. at 27-28.

On May 25, 2007, the DOE informed Hearing Officer Maile by letter that "a written Compromise & Settlement agreement was tendered to opposing counsel."  ARA at 140.  The DOE further stated that if the hearing on May 29, 2007 took place as scheduled, the DOE agreed to enter the following five stipulations of fact into the record:

    1.   S.K. was denied a [FAPE] for [school year ("SY")]
         2006-2007.
    2.   Petitioners are entitled to appropriate remedies,
         including (1) tuition reimbursement for SY 2005-
         2006 (excluding extended school year) and (2)
         tuition reimbursement for SY 2006-2007 (including

6

extended school year).
3.   The DOE has tendered a written compromise and
     settlement agreement to Petitioner's counsel on May
     24, 2007.
4.   The settlement agreement terms include, in relevant
     part, an agreement to reimburse Petitioners for
     tuition for SY 2005-2006 (excluding extended school
     year) and SY 2006-2007 (including extended school
     year).
5.   The DOE hereby waives Rule 408, Hawaii Rules of
     Evidence in regards to this case.

ARA at 140-41.  The letter also noted that "the issues of

mootness and jurisdiction are not waived and may be raised at any

time."  ARA at 141.

     At the hearing on May 29, 2007, Hearing Officer Maile

allowed the DOE to enter the above-listed stipulated facts into

the record ("May 29, 2007 Stipulation").  See Hr'g Tr. 5-6, May

29, 2007.  Plaintiffs stated that they accepted the stipulations

"subject to the Rule 68 offer" that they anticipated would be

made within the week.  Id. at 6.  The DOE reiterated that the

issues of mootness and jurisdiction were not waived.  Id. at 6-7.

At the parties' request, the Hearing Officer removed the hearing

from the calendar with the understanding that entire

administrative hearing process, including his decision, would be

resolved by the June 10, 2007 deadline.  Id. at 7-8.

     At a hearing on June 1, 2007, a substitute attorney for

the DOE appeared because the main attorney handling the matter

was ill.  See Hr'g Tr. 3-4, June 1, 2007.  The parties entered a

new written stipulation ("June 1, 2007 Stipulation") into the

record:

> The parties to this proceeding, through their undersigned attorneys, hereby stipulate as follows:
> 1. [S.K.] was denied a [FAPE] for SY 2006-2007.
> 2. Petitioners are entitled to appropriate remedies for the aforementioned denial of FAPE, including (1) tuition payment for [S.K.'s] program at [Lokahi] for SY 2005-2006 (including extended school year) and (2) tuition payment for [S.K.'s] program at [Lokahi] for SY 2006-2007 (including extended school year).

Id. at 6; ARA at 142-43.  The parties then disagreed over whether the June 1, 2007 Stipulation was entered to facilitate completion of a settlement (the DOE's position), or whether the stipulation was not dependant on any further settlement agreement (Plaintiffs' position).  See Hr'g Tr. 7-12, June 1, 2006.  Due to the disagreement, Hearing Officer Maile allowed the June 1, 2007 Stipulation to be withdrawn.  Id. at 12-14.  He then continued the hearing to a later date at the DOE's request.  Id.

On June 6, 2007, the hearing reconvened.  Hearing Officer Maile denied the DOE's request to withdraw the May 29, 2007 Stipulation from the record.  See Hr'g Tr. 18, June 6, 2007.  Plaintiffs then rested their case and moved for summary judgment.  Id. at 32-35, 39.  Hearing Officer Maile ruled that Plaintiffs had met their burden as to the contents of the May 29, 2007 Stipulation.[3]  Id. at 36-37.  The DOE then moved for a directed

---

[3]  Specifically, Hearing Officer Maile stated:
> So for the purposes of [Plaintiffs'] motion for summary judgment, I will find that [Plaintiffs] have proved, by a preponderance of the evidence at this point that

disposition based on HRS § 302A-443. <u>Id.</u> at 42. Hearing Officer Maile denied the DOE's motion, but nevertheless permitted the DOE to proceed with its case in chief. <u>Id.</u> The DOE called two witnesses, D.C. and Aikahi Elementary School Principal Gay Kong. <u>Id.</u> at 42-206. Plaintiffs called G.K. as a rebuttal witness. <u>Id.</u> at 207-76. On June 8, 2007, the parties gave closing arguments and the hearing concluded. <u>See</u> Hr'g Tr., June 8, 2007.

The administrative proceedings culminated in Hearing Officer Maile's issuance of Findings of Fact, Conclusions of Law and Decision on June 9, 2007 ("June 9, 2007 Admin. Decision"). As discussed in detail, <u>infra</u>, Hearing Officer Maile ruled that Plaintiffs' request for tuition reimbursement was time-barred by HRS § 302A-443.

Plaintiffs brought this federal action on July 5, 2007, by filing a complaint seeking, among other relief,[4] a ruling that

---

   student was not provided with a free, appropriate public
   education, that student is eligible for reimbursement for
   school year 2005-2006, for school year 2006-2007, and for
   extended school year 2006-2007. Now, whether that
   disposes of all issues at that point, that is not before
   me.
<u>Id.</u> at 36-37.

   [4] In their complaint, Plaintiffs also seek damages for
violations of their civil rights under the Americans with
Disabilities Act, § 504 of the Rehabilitation Act and the
implementing regulations of both statutes, as well as damages
pursuant to 42 U.S.C. § 1983 and a declaration that Plaintiffs
are prevailing parties under 20 U.S.C. § 1415(f) and therefore
entitled to attorneys' fees and costs. <u>See</u> Compl., Civ. No. 07-
00362, at 5 (July 5, 2007). At the hearing, counsel for
Plaintiffs stated that at this time Plaintiffs are only seeking

S.K. was denied FAPE; and reversal of Hearing Officer Maile's decision that the student was not denied a FAPE and application of the ninety-day statute of limitations in an unlawful manner. See Compl., Civ. No. 07-00362, at 5 (July 5, 2007).  The Administrative Record on Appeal was filed on October 25, 2007.

On December 31, 2007, Plaintiffs filed an Opening Brief, seeking: (1) a declaration that the application of HRS § 302A-443 to bar their request for tuition reimbursement is unlawful, as applied; (2) a remand for further consideration in light of such a ruling; and (3) such other relief as the Court deems appropriate.  See Plaintiffs' Opening Brief ("OB") at 35. On January 2, 2008, Plaintiffs filed an Errata to Plaintiffs' Opening Brief.  On February 4, 2008, the DOE filed an Answering Brief ("AB").  On February 19, 2008, Plaintiffs filed a Reply Brief ("Reply").

On March 13, 2008, this Court held a hearing on the administrative record.

**D.    Summary of the June 9, 2007 Administrative Decision**

The June 9, 2007 Administrative Decision contains detailed findings of fact and conclusions of law.  This summary is not meant to be exhaustive.

Hearing Officer Maile first addressed Plaintiffs' request for tuition reimbursement for school year 2005-2006,

---

reimbursement of tuition for the years in question.

school year 2006-2007, and extended school year 2006-2007 based upon Defendant's failure to provide a FAPE.  See June 9, 2007 Admin. Decision at 15-17.  He concluded that Plaintiffs met only one of the two requirements in <u>School Committee of the Town of Burlington v. Department of Education</u>, 471 U.S. 359 (1985).  <u>Id.</u> Hearing Officer Maile noted that <u>Burlington</u> requires a showing that (1) the IEP-proposed placement in a public school is inappropriate; and (2) the parents' selection of a private placement school was appropriate. <u>See</u> <u>id.</u>; <u>see also</u> <u>Burlington</u>, 471 U.S. at 370.

Turning to the first element, Hearing Officer Maile concluded that based upon the May 29, 2007 Stipulation, Plaintiffs proved by a preponderance of the evidence that no IEP was provided during school year 2005-2006, and no IEP was provided during school year 2006-2007 until January 17, 2007. <u>See</u> June 9, 2007 Admin. Decision at 16.  Thus, Hearing Officer Maile determined that the first <u>Burlington</u> requirement - inappropriateness of the IEP - was satisfied.  <u>Id.</u>

Turning to the second element, however, Hearing Officer Maile concluded that Plaintiffs did not prove that the private placement school was appropriate.  <u>Id.</u> at 17.  He found that the May 29, 2007 Stipulation failed to (1) specifically reference an agreement by the DOE to actually reimburse the parents; (2) identify the private school; or (3) specifically state that

Lokahi is appropriate for S.K.   Id.

Next, Hearing Officer Maile considered whether
Plaintiffs' claim for tuition reimbursement was time-barred by
HRS § 302A-443.   Id.   He concluded that S.K.'s private placement
must be considered unilateral, and thus Plaintiffs were "required
to file the request for impartial hearing within 90 days from the
date on which they received actual notice of the limitations
period on which to request an impartial hearing."   Id. at 20-22.
Hearing Officer Maile determined that the parents received copies
of the Procedural Safeguards Notice on or about September 19,
2006, and again on or about October 10, 2006.   Id. at 22.   He
concluded that because Plaintiffs had already unilaterally placed
S.K. at Lokahi before September 19, 2006, they had ninety days
from September 19, 2006 to seek tuition reimbursement.   Id. at
22-23.   Thus, Hearing Officer Maile concluded that Plaintiffs'
March 27, 2007 request for tuition reimbursement was time-barred
by HRS § 302A-443.   Id. at 23.

Hearing Officer Maile further found that Plaintiffs did
not present any evidence of specific misrepresentations or
withholding of information by the DOE that would justify tolling
the provisions of HRS § 302A-443.   Id.   Moreover, he found that
the DOE did not waive its statute of limitations argument under
HRS § 302A-443 because the May 29, 2007 Stipulation specifically
preserved the right to object to issues related to jurisdiction

12

and mootness.  Id.  He concluded that the knowledge of

Plaintiffs' attorney regarding the applicability of HRS § 302A-

443(b) is also a relevant factor in determining when the ninety-

day period begins to run.  Id. at 23-25.

Next, Hearing Officer Maile addressed Plaintiffs'

request for compensatory education as an alternative basis for

seeking reimbursement of S.K.'s tuition.  Id. at 25-27.  He

concluded that there was no evidence to determine whether the

DOE's denial of FAPE for the two school years in question caused

any of S.K.'s needs or deficits.  Id.  He further determined that

there was no evidence that tuition reimbursement would be an

appropriate remedy to address S.K.'s needs or deficits.  Id. at

27.

In sum, Hearing Officer Maile concluded that although

Plaintiffs proved by a preponderance of the evidence that the DOE

failed to provide a FAPE to S.K. for school years 2005-2006 and

2006-2007, their request for tuition reimbursement was

nevertheless time-barred by HRS § 302A-443.  Id.  Accordingly, he

denied Plaintiffs' request for tuition reimbursement for the

S.K.'s unilateral private placement for school years 2005-2006

and 2006-2007, and deemed the DOE as the prevailing party.  Id.

at 28.

## STANDARD

In evaluating an appeal of an administrative decision

13

under the IDEA, the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(c).[5]

This statutory requirement "that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."  See Board of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982).  Rather, "due weight" must be given to the findings in the administrative proceedings.  Id.

The amount of deference given to an administrative hearing officer's findings is a matter of discretion for the court.  See Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995) (quoting Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987)).  The court must consider the findings carefully and endeavor to respond to the

---

[5] An amendment to the IDEA, effective July 1, 2005, affected the subsection number at which this provision appears in the statute, but did not affect the text of the provision.  Compare 20 U.S.C. § 1415(i)(2)(B) (in effect prior to July 1, 2005) with 20 U.S.C. § 1415(i)(2)(c) (effective July 1, 2005).  Thus, the Court's analysis on this issue is identical under either version of the statute.

hearing officer's resolution of each material issue, but the court is free to accept or reject the findings in part or in whole.  See Capistrano, 59 F.3d at 891.  When exercising its discretion to determine what weight to give the hearing officer's findings, the court may examine the thoroughness of those findings and accord greater deference when the findings are "thorough and careful."  Id.; Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994).

A court's inquiry in reviewing administrative decisions under the IDEA is twofold.  "First, has the State complied with the procedures set forth in the Act?  And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?  If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more."  Rowley, 458 U.S. at 206-207 (internal footnotes omitted); see also Smith, 15 F.3d at 1524.

### DISCUSSION

Plaintiffs ask this Court to reverse the June 9, 2007 Administrative Decision for several reasons, which the Court groups as follows: (1) Hearing Officer Maile's rulings during the administrative proceedings were inconsistent with his ultimate finding that Plaintiff's tuition reimbursement was time-barred; (2) the ninety-day statute of limitations in HRS § 302A-443

should not bar their request for tuition reimbursement; and (3)
Hearing Officer Maile's finding regarding the appropriateness of
Lokahi was not supported by the record.[6]  The Court will address
each argument in turn.

## A.   Rulings on the Stipulations

First, Plaintiffs argue that Hearing Officer Maile's
ultimate decision to deny their tuition reimbursement request was
inconsistent with his rulings on the stipulations throughout the
administrative proceedings.   See OB at 4-9; Reply at 3-6.
Plaintiffs point out that Hearing Officer Maile ruled favorably
on their motion for summary judgment and twice denied the DOE's
motions to dismiss on jurisdictional grounds.

As discussed infra, the Court finds that Hearing
Officer Maile misconstrued the terms of the May 29, 2007
Stipulation.  The May 29, 2007 Stipulation unequivocally stated
that S.K. was denied a FAPE for school year 2006-2007 and that
Plaintiffs were entitled to tuition reimbursement for school year
2005-2006, school year 2006-2007, and extended school year 2006-

---

[6] Plaintiffs also argue that the IDEA's "stay-put" provision
precludes the Hearing Officer's decision.  As discussed below,
the Court relies upon case law interpreting the stay-put
provision to reach its holding that S.K.'s placement was
bilateral.  However, the Court does not find that the stay-put
provision itself obligated the DOE to continue funding S.K.'s
placement at Lokahi.  The Court agrees with Defendant's argument
at the hearing that the stay-put provision does not apply because
there was a gap year, 2005-2006, in which there were no pendent
proceedings.

2007.  Moreover, the Court concludes that Hearing Officer Maile's procedural rulings regarding the stipulations were not only difficult to understand, but further were erroneous.  For example, he allowed the DOE to withdraw the June 1, 2007 Stipulation but not the May 29, 2007 Stipulation, even though both were stipulating to facts that essentially resolved Plaintiffs' claims.  He granted summary judgment for the Plaintiffs as to the contents of the May 29, 2007 Stipulation.  However, despite finding in the June 9, 2007 Administrative Decision that Plaintiffs' claim was barred by the statute of limitations, Hearing Officer Maile further concluded that Plaintiffs failed to establish that Lokahi was an appropriate placement under the second prong of Burlington, thereby contradicting his earlier grant of summary judgment for Plaintiffs.

Nevertheless, this Court recognizes that the DOE specifically reserved the issue of jurisdiction when submitting the May 29, 2007 Stipulation.  As the DOE noted in its Answering Brief and at the hearing, statutes of limitations can raise jurisdictional questions.[7]  See AB at 10-12; see also 5B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1350 (3d ed. 2004) ("Courts have recognized a

---

[7] The Court is still troubled that the DOE withdrew from what appeared to be the formulation of a settlement.

17

variety of other defenses that one normally would not think of as raising subject matter jurisdiction questions when considering a Rule 12(b)(1) motion, including claims that the plaintiff's suit is barred by the governing statute of limitations").

**B.    Applicability of HRS § 302A-443**

Hearing Officer Maile concluded that Plaintiffs' request for tuition reimbursement was time-barred by the ninety-day statute of limitations for "unilateral" placements in HRS § 302A-443.  See June 9, 2007 Admin. Decision at 17-25.  The Court disagrees and finds that S.K.'s placement at Lokahi was bilateral due to Hearing Officer Young's approval in July 2006, and therefore Plaintiffs' request is subject to the two-year statute of limitations in HRS § 302A-443(a)(1).[8]

At the outset, the Court briefly reviews the history of

---

[8] Plaintiffs also argue that HRS § 302A-443 itself is unlawful because Congress authorized the DOE to adopt a statute of limitations on July 5, 2005, but Act 158 was adopted on June 24, 2005.  See OB at 21-24; Reply at 9-10.  Plaintiffs' principal support for this assertion is Judge Mollway's description of the legislative history of the IDEA's statute of limitations provisions in R.M. v. Hamamoto, No. 06-00215, 2007 LEXIS 8252, at *13-16 (D. Haw. Jan. 19, 2007).  Notably, however, Judge Mollway did not address the constitutionality of HRS § 302A-443 in her description.  See id.  Nor did Judge Ezra declare that HRS § 302A-443 was adopted without lawful authority when faced with an identical argument in Alan H. v. State of Hawaii. See No. 06-00212, 2007 WL 2790728, at *7 (D. Haw. Sept. 24, 2007).  This Court finds it similarly unnecessary to analyze whether HRS § 302A-443 should be overturned on constitutional grounds given its holding that S.K.'s placement was bilateral, rather than unilateral.

HRS § 302A-443.  Prior to June 24, 2005, parents had two years in
which to file a request for an impartial due process hearing for
reimbursement of private school tuition.  See Patricia N. v.
Lemahieu, 141 F.Supp.2d 1243, 1250 (D. Haw. 2001) (applying
Hawaii's two-year statute of limitations for personal injury
claims to a complaint seeking review of an administrative
decision pursuant to the IDEA).  Act 158, which became effective
on June 24, 2005, amended HRS § 302A-443 to read, in relevant
part:

> (a) An impartial hearing may be requested by any parent
> or guardian of a child with a disability, or by the
> department, on any matter relating to the identification,
> evaluation, program, or placement of a child with a
> disability; provided that the hearing is requested:
>> (1) Within two years of the date the parent,
>> guardian, or department knew or should have known
>> about the alleged action that formed the basis of
>> the request for a hearing; and
>> (2) Notwithstanding paragraph (1), within ninety
>> days of a unilateral special education placement,
>> where request is for reimbursement of the costs of
>> the placement.
> (b) Subsection (a) shall not apply to a parent or
> guardian of a child with a disability if the parent or
> guardian was prevented from requesting the hearing due
> to:
>> (1) Specific misrepresentations by the department
>> that it had resolved the problem that formed the
>> basis of the complaint; or
>> (2) The department's withholding from the parent or
>> guardian information that was required by state or
>> federal laws and regulations to provide a free,
>> appropriate public education to a child with a
>> disability.

HRS § 302A-443 (emphasis added).

The Court first considers which statute of limitations

in HRS § 302A-443 – two years or ninety days - applies to Plaintiffs' due process hearing request made on March 27, 2007. The answer to this question turns on whether S.K.'s placement at Lokahi was a "unilateral special education placement" under HRS § 302A-443(a)(2).  Hearing Officer Maile concluded that S.K.'s placement at Lokahi was unilateral because the "evidence was uncontested" that S.K. attended Lokahi during the 2005-2006 and 2006-2007 school years, and was "placed there by [the parents] without the consent of the [DOE]."  See June 9, 2007 Admin. Decision at 19.

        The legislative history of HRS § 302A-443 is silent as to the meaning of the terms "unilateral" and "placement."  In his ruling, Hearing Officer Maile relied upon Judge Seabright's interpretation of the phrase "unilateral special education placement" in Makiko D..  Judge Seabright observed:  "The phrase is not ambiguous; read literally, a unilateral special education placement occurs when one party unilaterally (i.e., without the consent or agreement of the other party) enrolls the student in a special education program."  Makiko D., 2007 WL 1153811, at *7. The Court acknowledges that based on this definition, S.K.'s placement could have been characterized as unilateral in February of 2003, when the parents pulled S.K. out of Aikahi and enrolled him at Lokahi.  However, the Court finds that Hearing Officer Maile overlooked the significance of the July 19, 2006

Administrative Decision, in which Hearing Officer Young ruled that the parents were entitled to tuition reimbursement for schools years 2003-2004 and 2004-2005 at Lokahi.  This Court concludes that Hearing Officer Young's ruling constituted a mutual agreement between the State and the parents as to S.K.'s placement at Lokahi, thereby transforming S.K.'s placement from unilateral to bilateral.

The Court finds support for its conclusion in case law addressing the significance of administrative rulings in the context of the "stay-put" provision of the IDEA.[9]  For example, in Burlington, the Supreme Court noted that an administrative ruling in favor of the parents and the private school placement "would seem to constitute agreement by the State to the change of placement."  See Burlington, 471 U.S. at 372.  Other courts have relied upon Burlington to similarly find that a favorable administrative ruling constituted the State's agreement to the private placement, thus transforming a once-unilateral private placement into the child's "then-current educational placement" for the purposes of the stay-put provision.  See, e.g., Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d

---

[9] Section 1415(j) of the IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child."  20 U.S.C. § 1415(j); see also 34 C.F.R. § 300.518.

635, 641 (9th Cir. 1990); Bd. of Educ. v. Schutz, 290 F.3d 476, 482-84 (2d Cir. 2002); Bd. of Educ. of Montgomery County v. Brett Y., 959 F.Supp. 705, 710 (D. Md. 1997).

Although Burlington and its progeny are focused on the meaning of the "then-current educational placement" in the stay-put context, rather than the meaning of a unilateral placement in the tuition reimbursement context, such cases nevertheless reveal the impact of a favorable administrative ruling on the nature of a private school placement. Specifically, a private school placement that has been approved by an administrative agency can no longer be considered unilateral. Rather, the favorable administrative ruling renders the placement bilateral, as it represents an agreement between the State and the parents.

Here, S.K. received a favorable ruling that Lokahi was appropriate and tuition reimbursement was warranted in the July 19, 2006 Administrative Decision. Hearing Officer's Young's ruling "would seem to constitute agreement by the State" to S.K.'s placement at Lokahi. See Burlington, 471 U.S. at 372. Therefore, as of July 19, 2006, S.K.'s placement was transformed from a unilateral placement into a bilateral placement. Moreover, S.K.'s placement continued to be bilateral as he had been continuously attending Lokahi since 2003 after the DOE turned down the parents' request to move S.K. to a different classroom at Aikahi, and only received a proposed IEP on January

17, 2007.

Given that the ninety-day statute of limitations in HRS § 302A-443(a)(2) only applies to unilateral placements, the Court concludes that the general two-year statute of limitations in HRS § 302A-443(a)(1) applies to Plaintiffs' tuition reimbursement request.  Because Plaintiffs became aware of the "alleged action that formed the basis of the request for a hearing" on July 19, 2006, and made their request on March 27, 2007, the Court finds that Plaintiffs' request was timely.  The Court therefore reverses Hearing Officer Maile's finding that Plaintiffs' request was time-barred under the ninety-day statute of limitations in HRS § 302A-443.  The Court further holds that Plaintiffs are substantively entitled to tuition reimbursement under Burlington, as discussed infra.

The Court notes that the bilateral nature of S.K.'s placement is the reason it reverses the June 9, 2007 Administrative Decision.  Additionally, the Court finds it problematic to ever label a private placement as "unilateral" when it occurs before any IEP has been offered for the parents to accept or reject.[10]  The Court finds - and the DOE conceded at

_____

[10] Plaintiffs argue in the alternative that they did file their request within the ninety-day statute of limitations because their March 27, 2007 request was sent within ninety days of the DOE's offer of FAPE on January 17, 2007.  See OB at 34.  In his ruling, Hearing Officer Maile agreed that Plaintiffs' argument on this point - that the statute of limitations should not begin to run until an offer of FAPE has been made - has "a

the hearing - that S.K.'s IEP was meant to be in place when the 2006-2007 school year began in September.  The record reflects that an IEP was not offered to Plaintiffs until January 17, 2007, when they visited Kahaluu, nearly four years after S.K. was first enrolled at Lokahi.

As this Court has noted in the past, the DOE's failure to have an IEP in place in the beginning of each school year results in a denial of FAPE.  See Dep't of Educ. v. E.B., No. 05-00543, 2006 WL 1343681, *7 (D. Haw. May 15, 2006); see also 20 U.S.C. § 1414(d)(2)(a) (requiring an educational agency to have an IEP in effect at the beginning of the school year); Gadsby v. Grasmick, 109 F.3d 940, 950 (4th Cir. 1997) (stating that the IDEA is violated when an educational agency fails to develop an IEP for a student prior to the beginning of the school year). The Court finds it illogical to require parents seeking tuition reimbursement for private placements to file hearing requests before any offer of FAPE has been made.  Such requests would be needless exercises because there is nothing for the parents to dispute without an IEP in hand; and may never be, as the agency

---

certain degree of conceptual appeal," but he further noted that Plaintiffs "provided no statutory references or case authorities to support their argument, nor could the Hearing Officer find any supporting authority for such a construction."  See June 9, 2007 Admin. Decision at 19.  Plaintiffs' argument appears to be one that merits further consideration.  However, in light of the Court's holding that the ninety-day statute of limitations does not apply to S.K.'s bilateral placement, the Court will not address this argument.

may agree with the private placement.  Requests for hearings are also expensive and time-consuming for parents and administrative agencies alike.  Requiring parents to file tuition reimbursement requests before an IEP has been offered encourages parents to flood administrative agencies with unnecessary and unduly burdensome hearing requests.

Moreover, the DOE's own Procedural Safeguards Notice, October 13, 2006 revision, appears to contemplate that an offer of FAPE will be made before tuition reimbursement need or should be sought.  Specifically, the notice states:

> If you disagree with the availability of a free appropriate education in the public schools, and place your child in a private school or facility and have questions regarding the financial responsibility for the private placement, a hearing for reimbursement must be requested within 90 days of placement.

See June 9, 2007 Admin. Decision at 10 (emphasis added and in original).  In S.K.'s case, no IEP had been proffered until January 17, 2007.  Thus, the parents could not disagree with the availability of a free appropriate education because no free appropriate education had been offered.[11]  Although this Court

---

[11] Although the Court finds that the language of the DOE's Procedural Safeguards Notice suggests that an IEP should be proposed before the ninety-day statute of limitations in HRS § 302A-443(a)(2) begins to run, the Court will not disturb Hearing Officer Maile's findings regarding when the parents actually received the Procedural Safeguards Notices.  Plaintiffs contend that they did not receive notice that clearly informed them of the ninety-day statute of limitations following its enactment, or the fact that the DOE intended to apply the statute of limitations to their case.  See OB at 24-31; Reply at 10.

does not wish to read an extra requirement into HRS § 302A-443(a)(2) that a student must be offered an IEP before the ninety-day statute of limitations can begin to run, the Court simply expresses its view that such a requirement would properly serve the interests of administrative efficiency and fairness to parents.[12]

## C.   Plaintiffs' Tuition Reimbursement Request

As discussed supra, this Court finds that Plaintiffs' request for tuition reimbursement for S.K.'s bilateral placement

---

Plaintiffs also claim that the DOE failed to comply with State notice requirements in Hawaii Administrative Rules ("HAR") § 8-56-69.  Because the Court holds that the ninety-day statute of limitations does not apply to Plaintiffs' request since S.K.'s placement was bilateral, the Court need not revisit the issue of when the parents received adequate notice.

[12] Plaintiffs also assert that the confusing procedural notices created a situation where the parents were unfairly forced to guess when S.K.'s placement would be considered "unilateral" and the statute of limitations would begin to run, and thus equitable tolling should apply.  See OB at 33-34; Reply at 13.  HRS § 302A-443(b)(2) provides an exception to the ninety-day statute of limitations where the DOE has withheld from parents "information that was required by state or federal laws and regulations to provide a free, appropriate public education to a child with a disability."  See also 20 U.S.C. § 1415(f)(3)(D)(ii) (offering an exception to state-created statutes of limitations when the parents' delay in seeking a remedy was due to "the local educational agency's withholding of information from the parents that was required under this subchapter to be provided to the parent").  The Court understands why the parents would be confused about the nature of S.K.'s placement at Lokahi and the proper timing for a tuition reimbursement request, given Hearing Officer Young's ruling, the lack of an IEP, and the language of the Procedural Safeguards Notice.  However, the Court need not address this issue because it holds that the two-year statute of limitations applies.

at Lokahi was timely under the two-year statute of limitations in HRS § 302A-443(a)(1).   Therefore, the Court now analyzes whether Plaintiffs are substantively entitled to tuition reimbursement.

In Burlington, the Supreme Court established a two-part test for determining whether parents are entitled to tuition reimbursement: (1) was the IEP offered by the school inappropriate; and (2) was the private placement appropriate. See Burlington, 471 U.S. at 370; Carter, 510 U.S. at 12, 15-16. "The party who commences an impartial hearing - in this case, the parents - bears the burden of persuasion on both Burlington factors.   If parents meet their burden, the district court enjoys broad discretion in considering equitable factors relevant to fashioning relief." Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112 (2d Cir. 2007) (internal citations omitted).

In the June 9, 2007 Administrative Decision, Hearing Officer Maile concluded that the first element of Burlington was met because the May 29, 2007 Stipulation established that the DOE did not provide S.K. with a FAPE until January 17, 2007.   See June 9, 2007 Admin. Decision at 16.   The Court affirms Hearing Officer Maile's conclusion as to the first element of Burlington. The Court finds that S.K.'s IEP was clearly inappropriate because it had not been offered until the middle of the 2006-2007 school year.

However, Hearing Officer Maile further concluded that

Plaintiffs did not establish the second element of <u>Burlington</u>, that the private placement was appropriate.  <u>Id.</u>  He explained that although the May 29, 2007 Stipulation stated that Plaintiffs were entitled to reimbursement, it did not specifically reference an agreement to pay, identify the private school, or state that Lokahi was an appropriate placement for S.K.  <u>Id.</u> at 17.  The Court disagrees with Officer Maile's reasoning.  In particular, how could the DOE stipulate to reimbursement without implicitly meaning that it agreed to pay?  Moreover, how could the DOE stipulate to reimbursement without agreeing that Lokahi was an appropriate placement?  The Court finds that Hearing Officer Maile misconstrued the terms of the May 29, 2007 Stipulation.

The Court reverses Hearing Officer Maile's conclusion that Plaintiffs failed to establish that Lokahi was appropriate. Despite taking official notice of the July 19, 2006 Administrative Decision, Hearing Officer Maile failed to accord the proper weight to Hearing Officer Young's ruling that Plaintiffs were entitled to tuition reimbursement for school years 2003-2004 and 2004-2005 at Lokahi.  This Court concludes that the issue of whether Lokahi was an appropriate private placement for the purposes of tuition reimbursement analysis was already settled, even though Hearing Officer Young did not

explicitly reference the <u>Burlington</u> elements.[13]  Moreover, as indicated above, the Court finds that the May 29, 2007 Stipulation necessarily included an agreement by the DOE to pay reimbursement and that Lokahi was an appropriate placement for S.K.  The Court is also disturbed that S.K. was not offered an IEP until over six months after he was finally deemed eligible for services under the IDEA, and nearly four years after his parents first enrolled him at Lokahi.

Accordingly, the Court holds that Plaintiffs have met their burden and are entitled to tuition reimbursement from the beginning of the 2005 school year through the end of the 2007 extended school year.  The Court directs Plaintiffs to furnish the DOE with invoices detailing all of S.K.'s tuition costs at Lokahi during this period.[14]  The Court orders Defendant to reimburse Plaintiffs promptly after receiving such invoices.

---

[13] At the hearing, Defendant argued that Hearing Officer Young's determination that Lokahi was appropriate should only apply to the 2003-2004 and 2004-2005 school years.  Otherwise, Defendant posited, parents could rely upon a determination that a school was appropriate when the student was in first grade to bring a tuition reimbursement action ten years later.  The Court is not persuaded.  Ignoring the fact that ten years far exceeds the two-year statute of limitations in HRS § 302A-443, the Court notes that S.K.'s enrollment at Lokahi has remained constant since February of 2003.  Defendant failed to provide S.K. with an IEP from July 19, 2006 through January 16, 2007.  Therefore, the Court finds that Hearing Officer Young's determination that Lokahi was appropriate for the 2003-2004 and 2004-2005 schools years remains valid for the 2005-2006 and 2006-2007 school years.

[14] The Court's Order includes any tuition costs related to the extended school years for 2005-2006 and 2006-2007.

## **CONCLUSION**

For the foregoing reasons, the Court hereby

(1) REVERSES Hearing Officer Maile's conclusion that Plaintiffs' tuition reimbursement requests were time-barred under Hawaii's ninety-day statute of limitations.  The Court finds that S.K.'s placement was bilateral because Hearing Officer Young had previously ruled in favor of Plaintiffs' selection of Lokahi in the July 19, 2006 Administrative Decision;

(2) REVERSES Hearing Officer Maile's conclusion that Plaintiffs were not entitled to tuition reimbursement because Plaintiffs failed to prove that the Lokahi placement was appropriate under Burlington.  The Court finds that Lokahi had already been deemed appropriate by Hearing Officer Young in the July 19, 2006 Administrative Decision, as well by the May 29, 2007 Stipulation;

(3) ORDERS Defendant to reimburse Plaintiffs for all of S.K.'s tuition costs at Lokahi from the beginning of the 2005 school year through the end of the 2007 extended school year promptly after receiving invoices from Plaintiffs; and

(4) DEEMS Plaintiffs as the prevailing party in this matter.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 10, 2008.

30



_____
Alan C. Kay
Senior United States District Judge

<u>D.C. v. Dep't of Educ.</u>, Civ. No. 07-00362 ACK-KSC, Order Reversing Administrative Decision.