IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor, | CIVIL NO. 07-00362 ACK-KSC |
| Plaintiffs, | REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, | |
| Defendant. | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS BE GRANTED IN PART AND DENIED IN PART

On April 25, 2008, Plaintiffs D.C. and G.K., individually and as Guardian Ad Litem of S.K., an incompetent minor (collectively "Plaintiffs"), filed a Motion for Award of Attorneys' Fees and Costs ("Motion"). On May 8, 2008, Plaintiffs filed a Statement of Consultation. To date, Defendant Department of Education, State of Hawaii ("Defendant") has not filed an Opposition.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d)

of the Local Rules of Practice of the United States
District Court for the District of Hawaii ("Local
Rules").  After reviewing Plaintiffs' submissions and
the relevant case law, the Court FINDS and RECOMMENDS
that the Motion be GRANTED IN PART and DENIED IN PART,
and that Plaintiffs be awarded $20,016.80 in attorneys'
fees and $350.00 in costs.

<u>BACKGROUND</u>

Plaintiffs filed an Individuals with
Disabilities in Education Act ("IDEA"), 20 U.S.C. §
1400 et seq., action against Defendant requesting,
among other things, reimbursement for S.K.'s private
school tuition at Loveland Academy's Lokahi Montessori
School ("Loveland") for the 2005-2006 and 2006-2007
school years.  On June 6-8, 2007, a hearing was held
regarding Plaintiffs' allegation that Defendant denied
S.K. a free appropriate public education ("FAPE").  On
June 9, 2007, Hearing Officer Rodney A. Maile issued a
Findings of Fact, Conclusion of Law and Decision
("Decision").  Hearing Officer Maile determined that
Plaintiffs' request for tuition reimbursement was

2

barred by Hawaii Revised Statues ("HRS") § 302A-443,
which governs reimbursement requests for the costs of a
"unilateral special education placement."

On July 5, 2007, Plaintiffs appealed the
decision to the United States District Court for the
District of Hawaii, seeking a review and reversal of
the Decision.  On April 11, 2008, Senior United States
District Judge Alan C. Kay reversed the Decision and
ordered reimbursement for the 2005-2006 and 2006-2007
school years.  Order Reversing Administrative Decision
at 30.  Judge Kay also deemed Plaintiffs the prevailing
party in this matter.  Id.  On the same day, the Court
entered judgment in favor of Plaintiffs.

Plaintiffs timely filed this Motion on April
25, 2008.  See Fed. R. Civ. P. 54(d)(2) (requiring that
a motion for attorneys' fees be filed "no later than 14
days after the entry of judgment"); Local Rule 54.3(a)
(same).

DISCUSSION

I.   <u>Attorneys' Fees</u>

    A.   <u>Entitlement to Attorneys' Fees</u>

3

Plaintiffs argue that as the prevailing parties in this action, they are entitled to attorneys' fees. Section 1415 of Title 20 of the United States Code provides:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(I).  To be considered a "prevailing party" for attorneys' fees purposes, "a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." Shapiro ex rel. Shapiro v. Paradise Valley Unified, 374 F.3d 857, 865 (9th Cir. 2004) (quoting Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)) (quotations omitted).

There is no question that Plaintiffs prevailed on their claims and that Defendant must now reimburse Plaintiffs for Loveland tuition costs from 2005 through 2007.  Indeed, Judge Kay deemed Plaintiffs the

4

prevailing party in this action.[1]  Therefore, all that
remains for the Court to determine is the
reasonableness of the fees and costs requested by
Plaintiffs in connection with the present action.

B.   Calculation of Fees

Under federal law, reasonable attorneys' fees
are generally based on the traditional "lodestar"
calculation set forth in Hensley v. Eckerhart, 461 U.S.
424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214
F.3d 1115, 1119 (9th Cir. 2000).  The court must
determine a reasonable fee by multiplying "the number
of hours reasonably expended on the litigation" by "a
reasonable hourly rate."  Hensley, 461 U.S. at 433.
Second, the court must decide whether to adjust the
lodestar amount based on an evaluation of the factors

_____

[1]  Although Plaintiffs include the fees and costs
incurred at the administrative level in their
calculations, they do not argue that they are entitled
to attorneys' fees and costs from the administrative
level, for which they were not the prevailing party.
As such an issue is not presently before the Court, the
Court shall not consider those fees and costs incurred
in connection with the administrative hearing (98.75
hours expended by Mr. Varady and 20.55 hours expended
by Ms. Serres).

articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526
F.2d 67, 70 (9th Cir. 1975), which have not already
been subsumed in the lodestar calculation.  <u>See</u>
<u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in
<u>Kerr</u> are as follows:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have
been subsumed in the lodestar calculation.  <u>See</u> <u>Morales</u>
<u>v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir.
1996).  Further, the Ninth Circuit, extending <u>City of</u>
<u>Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held
that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation.  See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable.  See <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see</u> <u>also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following attorneys' fees:

| ATTORNEY/ LEGAL ASSISTANT | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Carl Varady | 173.5[2] | $295 | $51,182.50 |
| Danielle Serres | 20.55 | $80 | $1,644.00 |
| Alexa Zen | 1.4 | $80 | $112.00 |
|  | SUBTOTAL: |  | $52,938.50 |
|  | TAX (4.166%): |  | $2,205.42 |
|  | TOTAL: |  | **$55,143.92** |

---

[2]  Plaintiffs submit that Mr. Varady expended 173.2 hours.  However, the Court's calculations total 173.5.

7

Mr. Varady's experience includes three years of
employment as Legal Director of the American Civil
Liberties Union of Hawaii and approximately 13 years of
experience in private practice.  Declaration of Carl M.
Varady ("Varady Decl.") at ¶ 2.  Ms. Serres is
currently attending the William S. Richardson School of
Law ("WSRSL") and Ms. Zen will attend WSRSL in the fall
of 2008.  Id. at ¶¶ 7-8.  They both have worked almost
exclusively on special education matters.  Id.

    1.   Reasonable Hourly Rate

    In determining a reasonableness of an hourly
rate, the experience, skill, and reputation of the
attorney requesting fees are taken into account.  See
Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir.
2002).  The reasonable hourly rate should reflect the
prevailing market rates in the community.  See id.;
Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992), as amended on denial of reh'g, (1993) (noting
that the rate awarded should reflect "the rates of
attorneys practicing in the forum district"); 20 U.S.C.

§ 1415 ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

In addition to his Declaration, Mr. Varady submitted declarations from Stanley Levin, Esq., Irene Vasey, Esq., and Cynthia Nakamura, Esq., to support his argument that his requested hourly rate of $295 is reasonable.  See Mot., Declaration of Stanley E. Levin, Declaration of Irene Vasey, and Declaration of Cynthia Nakamura.  Further, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the prevailing rates and the attorneys' submissions in this

9

case, this Court finds that Mr. Varady's requested $295 hourly rate is slightly excessive.

First, the maximum hourly rate that judges in this district appear to award in IDEA cases is $285. Such a rate has been awarded to Mr. Levin for his experience in excess of 26 years litigating IDEA cases. Natalie M. ex rel David M. v. Dep't of Educ., Hawaii, Civil No. 06-00539 JMS/BMK, 2007 WL 2110510 at *6 (D. Haw. July 19, 2007) (awarding $285 hourly rate to Stanley Levin, who has 26 years of experience handling IDEA cases). Second, although Mr. Varady represents that he raised his hourly rate to $295 on January 1, 2007, he acknowledged in a declaration submitted in another case that the state reimburses him at an hourly rate of $275. See A.F. v. Hamamoto, Civ. No. 07-00278 JMS KSC, Pls.' Rule 54(d) Mot. for Determination of Attorney's Fees and Costs (document no. 24), Declaration of Carl M. Varady at ¶ 13 (Declaration dated October 3, 2007); D.C. v. Dep't of Educ., Civil No. 05-00562 ACK-BMK, 2007 WL 1663098 at *3 (D. Haw.

May 08, 2007) (awarding Mr. Varady $275/hour).

Therefore, the Court finds that an hourly rate of $275

is manifestly reasonable for the time expended by Mr.

Varady.  The Court further finds that the $80 hourly

rate requested for Ms. Serres and Ms. Zen is manifestly

reasonable.

2.  <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a

prevailing party seeking attorneys' fees bears the

burden of proving that the fees and costs taxed are

associated with the relief requested and are reasonably

necessary to achieve the results obtained.  <u>See</u> <u>Tirona</u>

<u>v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632,

636 (D. Haw. 1993) (citations omitted).  The court must

guard against awarding fees and costs which are

excessive, and must determine which fees and costs were

self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F. Supp.

at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>,

815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484

U.S. 927 (1987)).  This Court has "discretion to 'trim

11

fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiffs submit that Mr. Varady expended 74.75 hours[3] and Ms. Zen[4] expended 1.4 hours in litigating this matter.  Defendants do not challenge Plaintiffs' submissions.

After careful review of the itemized billing records, the Court finds that although 39.55 hours expended by Mr. Varady and 1.4 hours expended by Ms. Zen are reasonable, it is necessary to make some adjustments to the remaining hours due to the use of

---

[3]  As earlier discussed, the Court shall not consider the hours expended in the administrative action.

[4]  Because the hours expended in the administrative action are not part of the Court's consideration, none of Ms. Serres' hours are relevant to the analysis.

block billing and apparent use of quarter hour billing.
"The term 'block billing' refers to the time-keeping
method by which each lawyer and legal assistant enters
the total daily time spent working on a case, rather
than itemizing the time expended on specific tasks."
Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9
(10th Cir. 1998) (citations and quotation marks
omitted).  Block billing entries generally fail to
specify a breakdown of the time spent on each task.

District courts have the authority to reduce
hours that are billed in block format because such a
billing style makes it difficult for courts to
ascertain how much time counsel expended on specified
tasks.  Welch v. Metropolitan Life Ins. Co., 480 F.3d
942, 948 (9th Cir. 2007).  See also id. (citing Role
Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C.
Cir. 2004) (reducing requested hours because counsel's
practice of block billing "lump[ed] together multiple
tasks, making it impossible to evaluate their
reasonableness"); see also Hensley, 461 U.S. at 437

13

(holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

Of the 74.75 hours expended by Mr. Varady, 35.2 hours in time entries are block-billed; that is, there are multiple tasks listed for single time entries, which makes it difficult, if not impossible, for the Court to determine the reasonableness of the hours expended.  Accordingly, an across-the-board reduction of 15% is appropriate.  An application of the 15% reduction to the 35.2 hours results in 29.92 hours.

The Court also has concerns about what appears to be billings in quarter-hour increments.  See Welch, 480 F.3d at 949 (affirming district court's 20% across-the-board reduction for quarter-hour billing where such billing resulted in a request for excessive hours, i.e. a minimum of 15 minutes billed for tasks that likely took a fraction of the time).  Plaintiffs note that

14

their counsel identified the hours expended by the tenth of an hour.  <u>See</u> Mem. in Supp. of Mot. at 10. However, a review of the billing itemizations found in Exhibit 2, attached to Mr. Varady's Declaration, clearly indicates that he billed some entries in quarter-hour increments.  Approximately 5 of the 23 relevant time entries appear to be billed in the quarter-hour.  While the Court generally disfavors such billing practices due to the likelihood of excessive billing, it will not deduct hours in this case because of the low number of entries billed by the quarter-hour and because Defendant has not opposed the Motion.

     3.   <u>Total Fee Award</u>

     Based on the foregoing, the Court finds that Plaintiffs have established the appropriateness of the following attorneys' fees incurred in the present action:

| ATTORNEY/ LEGAL ASSISTANT | HOURS | RATE | LODESTAR |
| --- | --- | --- | --- |

| Carl Varady | 69.47 | $275 | $19,104.25 |
| Alexa Zen | 1.4 | $80 | <u>$112.00</u> |

|  |  | SUBTOTAL: | $19,216.25 |
|  |  | TAX (4.166%): | <u>$   800.55</u> |
|  |  | **TOTAL:** | **<u>$20,016.80</u>** |

The Court declines to adjust this amount based on the <u>Kerr</u> factors and recommends that the district court award Plaintiffs $20,016.80 in attorneys' fees.

II. <u>Costs</u>

    A. <u>Entitlement to Costs</u>

       In addition to attorneys' fees, Plaintiffs seek to recover the costs incurred in this action. Specifically, Plaintiffs requests: 1) in house copying costs - $52.20; 2) outside copying costs - $110.96; and 3) filing fees - $350.00.  <u>See</u> Mem. in Supp. of Mot. at 15; Varady Decl., Ex. 2.8.

       Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R.

Civ. P. 54(d)(1).   The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)."   Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d).   See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).   The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, Defendants have not opposed the Motion.   Moreover, Plaintiffs are the "prevailing party" in this action.   The Court will therefore tax statutorily permitted costs in their favor.

B.   Calculation of Taxable Costs

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.   See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters

17

Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990);

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

437, 441-42 (1987)).  Section 1920 enumerates the

following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all
> or any part of the stenographic
> transcript necessarily obtained for
> use in the case;
> (3) Fees and disbursements for
> printing and witnesses;
> (4) Fees for exemplification and
> copies of papers necessarily obtained
> for use in the case;
> (5) Docket fees under section 1923 of
> the title;
> (6) Compensation of court appointed
> experts, compensation of interpreters,
> and salaries, fees, expenses, and
> costs of special interpretation
> services under section 1828 of this
> title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by

Plaintiffs in turn.

>    1.  Copying Costs

Plaintiffs request taxation of in-house copying

costs totaling $52.20.  Section 1920(4) explicitly

provides for the taxation of copying costs.  However,

Plaintiffs have not provided the Court with information
necessary to ascertain the reasonableness of these
copying costs.  Local Rule 54.2(f)4 specifies that:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)4.  Without this requisite
information, the Court is unable to tax the in house
copying costs at this time.  Further, the Court
questions Plaintiffs' entitlement to said costs, given
the disbursement date of May 21, 2007, which is prior
to the commencement of this action and in fact prior to
the due process hearing date.  If Plaintiffs wish to
recover these costs, the Court shall grant leave until
June 4, 2008 for Plaintiffs to submit documentation to
support this request, and explain how these costs were

reasonably and necessarily incurred in connection with the _present_ action.

### 2.  Filing Fees

Plaintiffs request $350.00 in filing fees. Section 1920(1) allows for the taxation of the fees of the clerk and marshal.  Indeed, "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)."  _Buffone v. Rosebud Restaurants, Inc._, No. CIV A 05 C 5551, 2006 WL 3196931, *1 (N.D. Ill. Oct. 31, 2006).  Accordingly, the Court recommends that the district court tax $350.00 in filing fees.

### 3.  Outside Printing

Plaintiffs request $110.96 in outside printing costs.  Section 1920(3) provides for the taxation of "[f]ees and disbursements for printing."  However, as with the in house copying costs, Plaintiffs have failed to submit documentation to support their request. Moreover, the Court again has questions about whether these costs were incurred in connection with this action, or the administrative action.  Therefore, the

Court declines to tax outside printing costs at this time, but will allow Plaintiffs to submit supporting documentation by June 4, 2008.

    4.  <u>Total Taxable Costs</u>

Based on the aforementioned discussion, the Court finds that $350.00 in filing fees are taxable.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed April 25, 2008, be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court award Plaintiffs $20,016.80 in attorneys' fees and $350.00 in taxable costs, for a total of $20,366.80.  The Court grants Plaintiffs leave to file supplemental documentation in support of their in house and outside copying costs by June 4, 2008.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 28, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

D.C. and G.K., individually and as guardian ad litem v. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 07-00362 ACK-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART