IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor,<br><br>        Plaintiffs,<br><br>        vs.<br><br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>        Defendant. | ) Civ. No. 07-00362 ACK-KSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT OF SPECIAL MASTER AND RESUBMITTING MOTION FOR ATTORNEYS' FEES AND COSTS TO SPECIAL MASTER WITH INSTRUCTIONS**

On April 25, 2008, D.C. and G.K., individually and as guardians ad litem of S.K., an incompetent minor (collectively "Plaintiffs"), filed a Motion for Award of Attorneys' Fees and Costs ("Motion").  Magistrate Judge Kevin S.C. Chang issued a Report of Special Master Recommending that Plaintiffs' Motion for Award of Attorneys' Fees and Costs be Granted in Part and Denied in Part ("Special Master's Report") on May 28, 2008.  Plaintiffs filed Objections to the Special Master's Report ("Objections") on June 17, 2008.  On June 27, 2008, the Hawaii Department of Education ("DOE") filed a Response to Plaintiffs' Objections ("Response").  The Court held a hearing to address Plaintiffs'

1

Objections on July 23, 2008.

For the reasons set forth below, the Court adopts in part and rejects in part the Special Master's Report.  The Court resubmits this matter to the Special Master with instructions to review the hours associated with the administrative hearing and recalculate the award to (1) include any reasonably expended hours from the administrative hearing; (2) include any properly documented costs from the administrative hearing; and (3) exclude the 15% reduction for block billing.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On March 27, 2007, Plaintiffs requested a due process hearing pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.  Plaintiffs sought, among other requests, reimbursement for S.K.'s private school tuition at Loveland Academy's Lokahi Montessori School ("Lokahi") for the 2005-2006 and 2006-2007 school years.

On June 6-8, 2007, an administrative hearing took place in the Office of Administrative Hearings of the Department of Commerce and Consumer Affairs of the State of Hawaii.  On June 9, 2007, Hearing Officer Rodney A. Maile issued a Findings of Fact, Conclusions of Law and Decision ("Administrative Decision").  Hearing Officer Maile ruled that Plaintiffs' request for tuition

---

[1] The full history of this case is set out in D.C. v. Dep't of Educ., 550 F.Supp.2d 1238 (D. Haw. 2008).

2

reimbursement was barred by Hawaii Revised Statutes ("HRS") § 302A-443, which imposes a ninety-day statute of limitations for requests for hearings where the request is for reimbursement of the costs of a "unilateral special education placement."

On July 5, 2007, Plaintiffs appealed the Administrative Decision to the United States District Court for the District of Hawaii.  On April 11, 2008, this Court reversed the Administrative Decision.  See D.C. v. Dep't of Educ., 550 F.Supp.2d 1238 (D. Haw. 2008).  The Court found that S.K.'s placement was bilateral, not unilateral, because a different hearing officer had previously deemed Lokahi an appropriate placement for S.K.  Id. at 1248-50.  Accordingly, Plaintiffs' tuition reimbursement requests were not time-barred under the ninety-day statute of limitations for unilateral special education placements in HRS § 302A-443.  Id.  The Court ordered tuition reimbursement for the 2005-2006 and 2006-2007 schools years and deemed Plaintiffs the prevailing party in this action. Id. at 1251-52.  The Court entered judgment that same day.

On April 25, 2008, Plaintiffs timely filed their Motion, seeking $52,614.00 in attorneys' fees, $2,191.90 in general excise taxes ("GET"), and $513.16 in costs, for a total of $55,319.06.  On May 8, 2008, Plaintiffs filed a Statement of Consultation pursuant to Local Rule 54.3(b) of the Local Rules of the United States District Court for the District of Hawaii

("Local Rules").  The DOE did not file an Opposition to the
Motion.

On May 28, 2008, Magistrate Judge Chang issued the
Special Master's Report.  The Special Master recommended that
this Court award Plaintiffs $20,016.80 in attorneys' fees and
$350.00 in taxable costs, for a total of $20,366.80.  In
addition, the Special Master granted Plaintiffs leave to file
supplemental documentation in support of their in-house and
outside copying costs by June 4, 2008.[2]

## STANDARD

In acting on a special master's order, report, or
recommendation, the district court must afford an opportunity to
be heard and may receive evidence.  See Fed. R. Civ. P. 53(f)(1).
The district court "may adopt or affirm, modify, wholly or partly
reject or reverse, or resubmit to the master with instructions."
Id.

The district court must decide de novo all objections
to findings of fact and/or conclusions of law made or recommended
by the special master.  See Fed. R. Civ. P. 53(f)(3) & (4)

---

[2] By letter dated June 2, 2008, Plaintiffs requested a one-
week extension of time to file supplemental documentation
regarding copying costs.  On June 3, 2008, the Special Master
granted an extension until June 11, 2008.  On June 11, 2008,
Plaintiffs' counsel filed a declaration stating that because the
copying charges were associated with the administrative
proceedings, the Special Master would not consider them
reimbursable.  See Supplemental Declaration of Carl M. Varady
(June 11, 2008).

(amended in 2003 to change the standard of review for findings of fact made or recommended by a master); see also Summers v. Howard University, 374 F.3d 1188, 1195 n.6 (D.C. Cir. 2004) (noting that Fed. R. Civ. P. 53 was amended in 2003 to provide for de novo review of a special master's fact findings by the district court).  A special master's rulings on procedural matters are reviewed for abuse of discretion.  See Fed. R. Civ. P. 53(f)(5) and Advisory Committee Notes for 2003 Amendments.

### DISCUSSION

In their Motion, Plaintiffs requested $52,614.00 in attorneys' fees, $2,191.90 in GET, and $513.16 in costs, for a total of $55,319.06.  After determining that Plaintiffs were entitled to attorneys' fees and costs as the prevailing party, the Special Master recommended that this Court award Plaintiffs $20,016.80 in attorneys' fees and $350.00 in taxable costs, for a total of $20,366.80.

In their Objections, Plaintiffs argue that the Special Master erred in three ways: (1) by excluding the fees and costs for the administrative hearing; (2) by applying a 15% reduction for block billing; and (3) by finding that an hourly rate of $275 - rather than the requested rate of $295 - was reasonable.  The Court addresses Plaintiffs' Objections in the course of discussing the merits of their request for attorneys' fees and costs.

I.    **Attorneys' Fees**

    A.    **Entitlement to Attorneys' Fees**

        The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." See 20 U.S.C. § 1415(i)(3)(B).  For the purpose of awarding attorneys' fees, a "prevailing party" is defined as "a party which 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Parents of Student W. v. Puyallup Sch. Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought."  Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007); see also Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1034-37 (9th Cir. 2006).

        Plaintiffs are clearly the prevailing party in the instant matter.  In reversing the Administrative Decision and ordering tuition reimbursement for two school years in question, the Court granted Plaintiffs all of the benefit they sought in

bringing this lawsuit.[3]  See Park, 464 F.3d at 1035; Parents of Student W., 31 F.3d at 1498.  This Court explicitly deemed Plaintiffs the prevailing party in the Order Reversing Administrative Decision.  Moreover, the DOE has not questioned Plaintiffs' status as the prevailing party.  Accordingly, the Court adopts the Special Master's finding that an award of attorneys' fees and costs is appropriate in this case.

### B.   Calculation of Award

Plaintiffs' Objections are directed at the Special Master's calculation of a reasonable attorneys' fee award.  In determining reasonable attorneys' fees to award in IDEA cases, courts use the lodestar calculation from the Supreme Court's decision in Hensley.  See, e.g., Aquirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny").  "'The lodestar determination has emerged as the predominate element of the analysis' in determining a reasonable attorney's fee award."  Morales v. City of San Rafael, 96 F.3d

---

[3] The Court notes, however, that it was the Court - not Plaintiffs - that raised the issue of whether S.K.'s placement was bilateral for the purpose of determining the applicable statute of limitations.  Plaintiffs did not advance this argument in their briefs.  The Court does not mean to imply that Plaintiffs were not entirely successful; the Court simply makes this point because Plaintiffs emphasize the significance of the Court's ruling when arguing their entitlement to attorneys' fees.

359, 363 (9th Cir. 1996) (citation omitted); <u>Hensley v.</u>
<u>Eckerhart</u>, 461 U.S. 424, 433 (1983) ("The most useful starting
point for determining the amount of a reasonable fee is the
number of hours reasonably expended on the litigation multiplied
by a reasonable hourly rate."). The "lodestar" is arrived at by
multiplying the number of hours reasonably spent on the
litigation by a reasonable hourly rate.  <u>Id.</u>

 Factors that should be considered in determining the
reasonable number of hours expended and the reasonable hourly
rate of the lodestar include "(1) the novelty and complexity of
the issues, (2) the special skill and experience of counsel, (3)
the quality of representation, (4) the results obtained, and (5)
the contingent nature of the fee agreement" ("subsumed factors").
<u>Morales</u>, 96 F.3d at 364 n.9 (internal citations omitted).  The
United States Court of Appeals for the Ninth Circuit instructs
district courts to adjust the reasonable number of hours or
reasonable hourly rate when determining the lodestar; "adjusting
the lodestar on the basis of subsumed reasonableness factors
after the lodestar has been calculated . . . is a disfavored
calculation."  <u>Id.</u>

 Once calculated, there is a strong presumption that the
lodestar figure represents a reasonable fee.  <u>Id.</u> at 364 n.8; <u>see</u>
<u>also</u> <u>Pennsylvania v. Delaware Valley Citizens' Council</u>, 483 U.S.
711, 728 (1987).  The court must then determine whether to adjust

"the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Id. at 363-64 (citing Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988)). The twelve factors set forth in Kerr v. Screen Extras Guild, 526 f.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent[4], (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

## 1.   Reasonable Hourly Rate

The Special Master relied upon his own extensive knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, as well as the submitted declarations of other attorneys, to conclude that the hourly rate of $295 requested by Plaintiffs' counsel, Carl M. Varady, Esq., was slightly

---

[4] The United States Supreme Court subsequently deemed the fixed or contingent nature of the fee irrelevant to the fee calculation. See Davis v. City and County of San Francisco, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992) (citing City of Burlington v. Dague, 505 U.S. 557 (1992)).

excessive.  Instead, the Special Master found that an hourly rate of $275 for Mr. Varady was manifestly reasonable.  Plaintiffs object to this particular recommendation and ask this Court to award Mr. Varady the requested hourly rate of $295.  The DOE did not file an Opposition before the Special Master but now argues in its Response to the Objections that the Special Master properly found that a $275 hourly rate was reasonable.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)); see also 20 U.S.C. § 1415(i)(3)(c) ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.").  Moreover, the Court must consider the "experience, skill, and reputation of the attorney requesting fees." Chalmers, 796 F.2d at 1210.  The burden is on the fee applicant to produce evidence showing that the requested rate is reflective of reasonable prevailing rates for similar services.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

The Court agrees with the Special Master that an hourly rate of $295 is slightly excessive.  According to Plaintiffs, Mr.

10

Varady has been awarded an hourly rate of $275 in IDEA and other civil rights cases since 2006.  See Objections at 8; Varady Decl. ¶ 3.  On January 1, 2007, Mr. Varady raised his hourly rate to $295.  See Varady Decl. ¶ 3.  In May of 2007, Mr. Varady filed a motion for attorneys' fees and costs after receiving a hard-fought administrative determination that S.K. was eligible for special education and related services under the IDEA.  See D.C. v. Dep't of Educ., Civ. No. 05-00562, 2007 WL 1663098, at *5 (D. Haw. May 8, 2007).  In that motion, Mr. Varady requested an hourly rate of $275.  Id. at *3-4.  Magistrate Judge Barry M. Kurren, acting as Special Master, awarded Mr. Varady an hourly rate of $250 for work performed prior to January 1, 2006, and $275 for work performed after January 1, 2006.  Id.

The Court has reviewed the declarations of Stanley Levin, Esq., Irene Vasey, Esq., and Cynthia Nakamura, Esq., submitted with the Motion.  As the Special Master pointed out, the highest hourly rate awarded in IDEA cases has apparently been $285 to Mr. Levin.  See Natalie M. v. Dep't of Educ., Civ. No. 06-00539 JMS-BMK, 2007 WL 2110510 at *6 (D. Haw. July 19, 2007). Mr. Levin has had over 26 years of experience handling IDEA cases.  See Declaration of Stanley E. Levin ¶ 10.  Mr. Varady is less experienced than Mr. Levin; he was employed for three years as the Legal Director of the American Civil Liberties Union of Hawaii and has approximately 13 years of experience in private

practice.  See Varady Decl. ¶ 2.  Ms. Nakamura currently bills at an hourly rate of $250 in IDEA cases.  See Declaration of Cynthia S. Nakamura ¶ 4.  Ms. Vasey does not indicate her hourly rate in IDEA cases in her declaration.  However, as recently as January 2008, she has apparently requested and been awarded an hourly rate of $185 in an IDEA case.  See A.F. v. Hamamoto, Civ. No. 07-00278 JMS-KSC, 2008 WL 148909 (D. Haw. Jan. 16, 2008).

Plaintiffs rely upon Bell v. Clackamas County, 341 F.3d 858 (9th Cir. 2003), to argue that this Court is obligated to award the hourly rate in effect at the time of the fee claim.  See Objections at 8.  In Bell, the Ninth Circuit explained:

> We have held that the court has discretion to apply the rates in effect at the time the work was performed.  See Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997); Schwarz v. Secretary of HHS, 73 F.3d 895, 908-09 (9th Cir. 1995).  The court may also award rates at an attorney's current rate where appropriate to compensate for the lengthy delay in receiving payment.

Bell, 341 F.3d at 868.  Clearly, then, the Court has discretion to award either the rate that was in effect at the time the work was performed or the current rate.  Plaintiffs are seeking attorneys' fees and costs for work completed from March 21, 2007 through April 25, 2008.  This is not a case where there has been a lengthy delay in receiving payment.  Moreover, the holding in Bell does not support Plaintiffs' argument.  The Bell court held that "it was an abuse of discretion in this case to apply market rates in effect more than two years before the work was

performed." See id. at 869 (emphasis in original). The Court believes that under the circumstances of the instant case and given Mr. Varady's experience, $275 is closer to the current market rate for IDEA cases than $295. Based on the submitted declarations and the Special Master's extensive knowledge of prevailing rates, the Court adopts the Special Master's finding that an hourly rate of $275 for Mr. Varady is manifestly reasonable.

The Court further adopts the Special Master's finding that $80 is a reasonable hourly rate for Mr. Varady's legal assistants, Danielle Serres and Alexa Zen. Ms. Serres is currently attending the William S. Richardson School of Law ("WSRSL"). See Varady Decl. 7. Ms. Zen will attend WSRSL starting in the fall of 2008. Id. 8. Both Ms. Serres and Ms. Zen have worked almost exclusively on special education matters. Id. 7-8. The Court also notes that the DOE did not file an Opposition or challenge the requested hourly rate for the legal assistants in their Response to Plaintiffs' Objections.

## 2. Hours Reasonably Expended

In addition to proving a reasonable hourly rate, the prevailing party also has the burden of proving that the hours claimed are reasonable. See Hensley, 461 U.S. at 433. The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and

avoidable.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 637 (D. Haw. 1993) (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).

Plaintiffs object to two decisions made by the Special Master when calculating the hours reasonably expended.  First, the Special Master excluded the hours associated with the administrative hearing that preceded Plaintiffs' appeal to this Court.  Second, the Special Master applied an across-the-board reduction of 15% to all hours recorded in the block billing format.

**(a)  Fees and Costs for the Administrative Hearing**

When calculating the award, the Special Master excluded the fees and costs associated with the administrative hearing. In a footnote to the Special Master's Report, the Special Master stated:

> Although Plaintiffs include the fees and costs incurred at the administrative level in their calculations, they do not argue that they are entitled to attorneys' fees and costs from the administrative level, for which they were not the prevailing party.  As such an issue is not presently before the Court, the Court shall not consider those fees and costs incurred in connection with the administrative hearing (98.75 hours expended by Mr. Varady and 20.55 hours expended by Ms. Serres).

Special Master's Report at 5 n.1.  Plaintiffs argue that the

14

hours expended in the administrative proceeding are compensable.[5] The Court agrees with Plaintiffs.

The Court notes that this particular objection could likely have been avoided had Plaintiffs articulated in their Motion - as they do in their Objections - why the fees and costs associated with the administrative hearing are compensable. Because Plaintiffs simply factored those hours into their requested award without elaboration, the Special Master did not consider them.  Nevertheless, the Court finds that Plaintiffs are entitled to compensation for the hours reasonably expended in the administrative action.

First, the Court emphasizes that as the prevailing party, Plaintiffs are entitled to all fees and costs incurred in the pursuit of their claim, including time spent on unsuccessful efforts.  See, e.g., Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees

_____

[5] The DOE does not dispute that the hours expended in the administrative hearing are compensable.  However, the DOE argues that Plaintiffs failed to argue their entitlement to attorneys' fees and costs for the administrative hearing within 14 days of the entry of judgment pursuant to Local Rule 54.3(a).  This argument fails.  In their Motion, Plaintiffs included the fees and costs expended in connection with the administrative hearing in their requested award.  Moreover, although Plaintiffs did not explicitly argue that the administrative fees and costs were compensable, the Court finds that Plaintiffs implicitly made this point by quoting Gilbrook v. City of Westminster, 177 F.3d 839 (9th Cir. 1999).

reasonably expended in pursuing that claim – even though she may have suffered some adverse rulings."). For example, in Cabrales, the Ninth Circuit interpreted the Supreme Court's decision in Hensley as "establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." Id. at 1052. The Cabrales court further explained that "even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." Id.; see also Gilbrook v. City of Westminster, 177 F.3d at 879 (quoting Cabrales, 935 F.2d at 1053) (stating that a "plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage").

In the instant case, Plaintiffs were required to exhaust their administrative remedies before filing this lawsuit. See, e.g., Kutasi v. Las Virgenes Unified Sch. Dist., 494 F.3d 1162, 1167 (9th Cir. 2007); see also 20 U.S.C. § 1415(l). Plaintiffs were unsuccessful at the administrative hearing, and the Hearing Officer ruled in favor of the DOE. Having exhausted their administrative remedies, Plaintiffs appealed the adverse ruling in this Court and were successful. This Court reversed the Administrative Decision and granted Plaintiffs all the relief they sought. Therefore, even though Plaintiffs were unsuccessful

16

at the administrative hearing, that hearing was a necessary step to their ultimate victory in this Court.  <u>See</u> <u>Gilbrook</u>, 177 F.3d at 879; <u>Cabrales</u>, 935 F.2d at 1053.  Thus, Plaintiffs are entitled to the attorneys' fees and costs associated with the administrative hearing.

Moreover, the Ninth Circuit has indicated that prevailing parties in IDEA cases are entitled to reasonable attorneys' fees incurred during administrative proceedings.  <u>See</u> <u>McSomebodies v. Burlingame Elementary Sch. Dist.</u>, 897 F.2d 974, 975 (9th Cir. 1989) (awarding attorneys' fees and costs associated with an administrative hearing under the predecessor statute to the IDEA to the parents of a disabled child); <u>see</u> <u>also</u> <u>Aquirre</u>, 461 F.3d at 1121 (remanding an award of attorneys' fees for an IDEA administrative hearing and instructing the district court to consider the plaintiff's degree of success in accordance with <u>Hensley</u>).  In fact, the Ninth Circuit has clarified that "the IDEA authorizes an action solely to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA."  <u>See</u> <u>P.N. v. Seattle Sch. Dist., No. 1</u>, 474 F.3d 1165, 1169 (9th Cir. 2007).  The congressional intent behind the IDEA supports this result.  <u>See</u> <u>Barlow-Gresham Union High Sch. v. Mitchell</u>, 940 F.2d 1280, 1286 (9th Cir. 1991) (nothing that the purpose of the predecessor statute to the IDEA was "to provide parents of

17

handicapped children a substantive right that could be enforced through the procedural mechanisms in the [IDEA], including a right to attorneys' fees if the parents prevail").

The Court further adds that, as noted above, Magistrate Judge Kurren awarded Plaintiffs the fees and costs associated with a different administrative hearing at an earlier stage in this case.  See D.C., 2007 WL 1663098, at *5.

Accordingly, the Court rejects the Special Master's decision to exclude from the award the hours expended during the administrative hearing.  The Court resubmits this matter to the Special Master to review the hours associated with the administrative hearing - specifically, the 98.75 hours expended by Mr. Varady and the 20.55 hours expended by Ms. Serres - and determine whether such hours were reasonably expended.  The Court further instructs the Special Master to include any reasonably expended hours associated with the administrative hearing in the recalculated award amount.

### (b)  Hours Reduced for Block Billing

The Special Master determined that 35.2 out of the 74.75 hours expended by Mr. Varady[6] were in the "block billing" format; meaning there were "multiple tasks listed for single time entries, which [made] it difficult, if not impossible, for the

---

[6] The Court notes that the Special Master was not considering the hours expended in connection with the administrative hearing.

18

[Special Master] to determine the reasonableness of the hours expended." See Special Master's Report at 14.  Accordingly, the Special Master applied a 15% reduction to the 35.2 hours in the block billing format, resulting in 29.92 hours.[7]  Id.

After carefully reviewing Plaintiffs' time entries, the Court agrees with the Special Master that several entries reflect block billing, "i.e., lumping multiple tasks into a single entry of time." See Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000); see also Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (noting that "block billing makes it more difficult to determine how much time was spent on particular activities").  To offer one example of Plaintiffs' block billing, a time entry from July 5, 2007 reads: "Research and Draft Pleadings: review [Hearing Officer's] decision and recent cases re Section 504, draft complaint, declaration under seal, Ex Parte Motion for [Guardian Ad Litem]; motion for assignment as a related case under [Local Rule] 40.2." See Varady Decl., Ex. 2.1.  Mr. Varady spent a total of 5.30 hours on all of those tasks.  It is impossible for this Court to determine how much time was spent on each individual task and whether the

---

[7] The Special Master also expressed concern about what appeared to be billings in quarter-hour increments.  The Court is similarly disturbed but agrees with the Special Master that no deductions are necessary at this time because of the low number of problematic billings.  However, the Court emphasizes that billing by the quarter-hour is a strongly disfavored practice.

time spent was reasonable.

Plaintiffs argue that their billing statements fully comply with the requirements of Local Rule 54.3(d)[8] and therefore

_____

[8] Local Rule 54.3(d) sets out the requirements for memoranda in support of motions for attorneys' fees and related taxable expenses.  In relevant part, Local Rule 54.3(d) provides:

> **1. Itemization of Work Performed.**  Descriptions of work performed shall be organized by litigation phase as follows: (A) case development, background investigation and case administration . . .; (B) pleadings; (C)interrogatories, document production, and other written discovery; (D) depositions; (E) motions practice; (F) attending court hearings; (G) trial preparation and attending trial; and (H) post-trial motions.

> **2. Description of Services Rendered.**  The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.   In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  For example, . . . entries for legal research must include an identification of the specific issue researched, and, if possible, should identify the pleading or document for which the research was necessary . . .

> **3. Description of Expenses Incurred.**  In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible.

See Local Rule 54.3(d) (footnote omitted).

cannot constitute block billing.  The Court acknowledges that Local Rule 54.3(d) does not specifically require that one task be listed per time entry, and perhaps could benefit from clarification.  However, in light of time entries such as the one described above, the Court disagrees with Plaintiffs' assertion that the Court has "ample information to determine the reasonableness of the fees incurred for each activity."[9]  See Objections at 22.

Although the Court agrees with the Special Master that Plaintiffs engaged in block billing, the Court will not impose a reduction at this time.  The Court is aware of Magistrate Judge Kurren's earlier ruling in this case that Plaintiffs were entitled to fees and costs for the administrative hearing to determine S.K.'s eligibility for services under the IDEA.  See D.C., 2007 WL 1663098, at *5.  In finding that Plaintiffs expended a reasonable number of hours in that

---

[9] Plaintiffs further contend that they did not use block billing because several days have multiple entries of attorney time.  See Objections at 21; see also Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted) (emphasis added) ("The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.").  Plaintiffs focus too narrowly on the word "daily."  A time entry can be in block billing format even if it does not encompass a full day's worth of tasks; rather, a single time entry is considered block billing if it includes multiple tasks.  See Cadena, 224 F.3d at 1214.  The Court finds that several of Plaintiffs' time entries include multiple tasks.

litigation, Magistrate Judge Kurren stated:

> Defendant also claims that Plaintiffs' hours should
> be reduced for failing to satisfy the requirements
> of Local Rule 54.3. However, Defendant provides no
> explanation of just how Plaintiffs have allegedly
> failed to meet this requirement. To the contrary,
> Mr. Varady's time entries are broken down by
> litigation phases and contain excellent descriptions
> of services rendered.

Id. at *4.  Based upon this Court's review, the billing

statements submitted with the earlier motion for attorneys' fees

and costs appear to be similar to the billing statements

submitted with the instant Motion.  It would not be consistent or

fair to reduce Plaintiffs' hours for block billing when similar

billing statements were approved at an earlier stage of the case.

Therefore, the Court declines to adopt the Special Master's

recommendation to apply a 15% reduction to hours recorded in the

block billing format.

**II.   Costs**

   **A.   Entitlement to Costs**

        In their Motion, Plaintiffs requested the following

costs: (1) in-house copying costs amounting to $52.20; (2)

outside copying costs amounting to $110.96; and (3) filing fees

amounting to $350.00.   See Motion at 15; Varady Decl., Ex. 2.8.

The Special Master found that Plaintiffs were entitled to

statutorily permitted costs.

        Pursuant to Rule 54(d)(1) of the Federal Rules of Civil

Procedure ("Rules"), "costs - other than attorney's fees - should

be allowed to the prevailing party" unless a federal statute, the Rules, or the court provides otherwise. See Fed. R. Civ. 54(d)(1); see also Local Rule 54.2(a) ("Costs shall be taxed as provided in Rule 54(d)(1) of the Federal Rules of Civil Procedure. The party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in [Local Rule] 54.2(b)."). Plaintiffs are the "prevailing party" in this matter. Furthermore, the DOE did not oppose the Motion. Nor did the DOE object to the Special Master's determination that Plaintiffs were entitled to costs. Therefore, the Court adopts the Special Master's finding that Plaintiffs are entitled to statutorily permitted costs.

**B.    Calculation of Award**

Title 28 U.S.C. § 1920 sets out the "expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."[10]    Aflex Corp. v. Underwriters Lab., Inc.,

---

[10] Section 1920 lists the following costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

914 F.2d 175, 176 (9th Cir. 1990) (per curiam) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). As noted above, Plaintiffs requested the following costs in their Motion: (1) in-house copying costs - $52.20; (2) outside copying costs - $110.96; and (3) filing fees - $350.00.  See Motion at 15; Varady Decl., Ex. 2.8.

With respect to the filing fees, the Special Master recommended that the Court tax $350.00 in filing fees.  The DOE has not opposed this recommendation.  Taxation of the fees of the clerk and marshal is expressly permitted under § 1920(1). Accordingly, the Court adopts the Special Master's finding that the $350 in filing fees are taxable.

With respect to the in-house and outside copying costs, the Special Master properly noted that § 1920(4) provides for taxation of copying costs, and § 1920(3) provides for taxation of fees for printing.  However, the Special Master found that Plaintiffs had not complied with Local Rule 54.2(f)(4),[11] and therefore the Court lacked the necessary

---

expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

[11] Local Rule 54.2(f)(4) provides:

The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copies, the

24

information to ascertain the reasonableness of the copying

costs.[12]   The Special Master gave Plaintiffs additional time to

submit supporting documentation.   <u>See</u> Special Master's Report at

19-21.  On June 11, 2008, Mr. Varady filed a declaration stating

that the outside copying charges were associated with the

administrative hearing, and therefore the Special Master would

not consider them reimbursable.  <u>See</u> Varady Decl. (June 11,

2008).

     The Court has now found that the fees and costs

associated with the administrative hearing are compensable.  As

discussed above, the Court resubmits this matter to the Special

Master to determine whether the hours associated with the

administrative hearing were reasonably expended.  Likewise, the

Court will allow Plaintiffs until August 3, 2008 to provide

documentation to support their request for copying costs incurred

during the administrative phase.  The Court notes that to recover

these costs, Plaintiffs must submit "an affidavit describing the

_____

          cost per page, and the use of or intended purpose
          for the items copied.  The practice of this court
          is to allow taxation of copies at $.15 per page or
          the actual cost charged by commercial copiers,
          provided such charges are reasonable.  The cost of
          copies obtained for the use and/or convenience of
          the party seeking recovery and its counsel is not
          allowable.

[12] In particular, the Special Master was unable to determine
whether the copying costs were incurred in connection with the
administrative hearing.

25

documents copied, the number of pages copies, the cost per page, and the use of or intended purpose for the items copied." <u>See</u> Local Rule 54.2(f). The Court instructs the Special Master to include any properly documented copying costs in the recalculated award amount.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court adopts in part and rejects in part the Special Master's Report. The Court adopts the Special Master's finding that Mr. Varady is entitled to reimbursement at an hourly rate of $275, rather than the requested hourly rate of $295. Moreover, the Court agrees with the Special Master that several of Mr. Varady's time entries involved block billing. Nevertheless, out of consistency and fairness, the Court will not impose a reduction for block billing because Magistrate Judge Kurren approved similar billing statements at an earlier stage of this case.

Most significantly, the Court finds that the Special Master should have included in the award the attorneys' fees and costs associated with the administrative hearing. At this time, the Court is unable to recalculate the award because the Special Master has not yet reviewed and approved the hours associated with the administrative hearing. Moreover, Plaintiffs have not properly supported their request for costs pursuant to Local Rule 54.2(f)(4) - which the Special Master gave Plaintiffs additional

26

time to do.  Plaintiffs are granted leave until August 3, 2008,

to submit documentation of their costs.  The Court resubmits this

matter to the Special Master with instructions to review the

hours associated with the administrative hearing and recalculate

the award to (1) include any reasonably expended hours from the

administrative hearing; (2) include any properly documented costs

from the administrative hearing; and (3) exclude the 15%

reduction for block billing.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, July 25, 2008.



_____
Alan C. Kay
Sr. United States District Judge

D.C. v. Dep't of Educ., Civ. No. 07-00362 ACK-KSC, Order Adopting in Part and Rejecting in Part the Report of Special Master and Resubmitting Motion for Attorneys' Fees and Costs to Special Master with Instructions.