IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.C. and G.K., Individually and as Guardian Ad Litem of S.K., an incompetent minor,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>    Defendant. | CIVIL NO. 07-00362 ACK-KSC<br><br>REPORT OF SPECIAL MASTER RECOMMENDING REVISED AWARD OF ATTORNEYS' FEES AND COSTS |

REPORT OF SPECIAL MASTER RECOMMENDING
<u>REVISED AWARD OF ATTORNEYS' FEES AND COSTS</u>

On May 28, 2005, this Court, acting as Special Master, issued a Report of Special Master Recommending that Plaintiffs' Motion for Award of Attorneys' Fees and Costs be Granted in Part and Denied in Part ("Report").  On June 17, 2008, Plaintiffs D.C. and G.K., individually and as Guardian Ad Litem of S.K., an incompetent minor (collectively "Plaintiffs"), filed Objections to the Report.

On July 25, 2008, Senior United States District Judge Alan Kay issued an Order Adopting in Part and Rejecting in part the Report of Special Master and

Resubmitting Motion for Attorneys' Fees and Costs to Special Master with Instructions ("Order").  Judge Kay adopted the Report with respect to the hourly rate of $275 awarded to Carl Varady, counsel for Plaintiffs; the finding that $350 in filing fees is taxable; and the finding that Plaintiffs did not properly support their request for costs pursuant to Local rule 54.2(f)(4).  However, Judge Kay determined that attorneys' fees and costs associated with the administrative hearing should have been included in the recommended award.  Judge Kay resubmitted the matter to this Court with instructions to review the hours associated with the administrative hearing and to recalculate the award to include reasonably incurred fees and costs.  Finally, although Judge Kay agreed that several of Mr. Varady's time entries involved block billing, he directed the Court to recalculate the award without a reduction for block billing.

On July 28, 2008, Mr. Varady submitted a Declaration in support of the hours he expended as well as the costs incurred by Plaintiffs.

A.   <u>Attorneys' Fees</u>

Having carefully reviewed the itemized billing records provided by Mr. Varady, and in light of Judge Kay's Order, the Court finds that Mr. Varady reasonably expended 166.1 hours,[1] Ms. Serres reasonably expended 20.55 hours, and Ms. Zen reasonably expended 1.4 hours. The Court declines to recommend that Mr. Varady be awarded the hours incurred drafting the Objections to the Report and those incurred in the original motion for attorneys' fees, as Plaintiffs asserted in their Objections that they were waiving the fees incurred in making the objections as well as those incurred in the original motion for attorneys' fees.  <u>See</u> Mem. in Supp. of Objections at 3.

As such, the Court finds that Plaintiffs have established the appropriateness of the following attorneys' fees incurred in the present action:

---

[1] The Court reached this number by subtracting the 7.4 hours associated with the motion for attorneys' fees from the total hours expended by Mr. Varady (173.5), and by declining to add the 3.25 hours associated with the drafting of the Objections.

| ATTORNEY/<br>LEGAL ASSISTANT | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Carl Varady | 166.1[2] | $275 | $45,677.50 |
| Danielle Serres | 20.55 | $80 | $1,644.00 |
| Alexa Zen | 1.4 | $80 | $112.00 |
| | | SUBTOTAL: | $47,433.50 |
| | | TAX (4.166%): | $ 1,976.08 |
| | | **TOTAL**: | **$49,409.58** |

Accordingly, the Court recommends that the district court award Plaintiffs **$49,409.58** in attorneys' fees.

B.  Costs

Plaintiffs request reimbursement of the following costs: 1) in house copying costs - $204.40; 2) outside copying costs - $77.07; and 3) filing fees -

---

[2] As mentioned in the Report, see Report at 7, n.2, the Court's calculations differ from Mr. Varady's calculations. Because the Court recalculated these figures several times to ensure for accuracy, it will use its calculations in the recommended award. In addition to the slight discrepancy in the total number of hours expended by Mr. Varady, the Court notes that Mr. Varady's fee calculations on page 9 of Exhibit 2.1 attached to the Declaration are at odds with the tables included in paragraph 5 of his Declaration that summarize the hours expended by Mr. Varady, Ms. Serres, and Ms. Zen.

$368.00.  See Varady Decl., Ex. 2.8.  The Court notes that the amount of the requests differ from those in the underlying motion as well as those requested in the Objections.[3]  Insofar as Plaintiffs should have sought to recover the currently requested amount of costs in the underlying motion, the Court will only consider the costs originally requested, with the exception of the in house copying costs associated with the Objections.  Plaintiffs were given ample opportunity to provide the detailed documentation they included with Mr. Varady's July 28 Declaration, but failed to do so.  Had Plaintiffs provided the detailed information included in Exhibit 2.8 to the Declaration with the original motion or as a supplement thereto, the Court would have had sufficient information to ascertain the reasonableness of the costs.

   After reviewing Plaintiffs' itemization of the copying costs and the associated receipts, the Court

---

   [3] For example, in the motion, Plaintiffs requested $52.20 in in house copying costs; $110.96 in outside copying costs, and $350.00 in filing fees.

finds that $100.80 in in house copying costs and $77.07 in outside copying costs are manifestly reasonable. Judge Kay already adopted this Court's finding that Plaintiffs are entitled to the $350.00 filing fee.  As already discussed, the Court declines to recommend the additional $18.00 in filing fees, as Plaintiff should have attached the U.S. District Court receipt to the original motion and requested the full amount at that time.  Thus, the Court recommends that the district court award Plaintiffs **$177.87** in costs, which is in addition to the $350.00 already found to be reasonable.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that the district court award Plaintiffs $49,409.58 in attorneys' fees and $177.87 in taxable costs.  When calculated with the $350.00 in costs previously determined to be taxable, the total recommended award of fees and costs is $49,937.45.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 29, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

D.C. and G.K., individually and as guardian ad litem v. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 07-00362 ACK-KSC; REPORT OF SPECIAL MASTER RECOMMENDING REVISED AWARD OF ATTORNEYS' FEES AND COSTS